UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD J. GRAVELLE,

        Petitioner,

v.                                     Case No. 19-cv-1712-pp

QUALA CHAMPAGNE,[1]

        Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING AS MOOOT MOTION TO EXPEDITE RULE 4 DECISION (DKT. NO. 6) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

---

On November 12, 2019, the petitioner, an inmate at Thompson Correctional Center who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his June 14, 2017 conviction in Washington County for his sixth OWI offense. Dkt. No. 1. He has paid the $5.00 filing fee. The petition alleges that the judge improperly increased his sentence (four years of initial confinement and four years of extended supervision) because the petitioner refused to submit a blood sample without a warrant. Id. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and requires the respondent to answer or

---

[1] The petitioner named Quala Champagne as the respondent. As of October 15, 2020, however, the Department of Corrections web page for Thompson Correctional Center shows that the position of superintendent is vacant. The court leaves Champagne as the placeholder respondent pending the identification of Champagne's successor.

1

otherwise respond. It also denies as moot the petitioner's motion to expedite the ruling. Dkt. No. 6.

**I.  Rule 4 Screening**

   A.  Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner

either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if the petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Background

The petitioner states that he was pulled over for a speeding violation and "found to have been drinking prior." Dkt. No. 1 at 6. He says that he was cooperative with the officer's requests for a road-side field sobriety test and a breath test. Id. However, he asserts that when the police "insisted on an evidentiary blood draw," he "invoked [his] 4th Amendment rights." Id. at 7. The petitioner says that a warrant was obtained "from what would become [his] sentencing judge." Id. He indicates that at his sentencing hearing, the judge said that the petitioner "went from being cooperative to being completely uncooperative and they had to get a warrant." Id. The petitioner argues that his sentence was aggravated because of this refusal, "as if invoking rights is a character defect." Id.

The petitioner filed a post-conviction motion for resentencing or modification of sentence on March 30, 2018, claiming that the circuit court relied on incorrect information about the petitioner's AODA treatment and that the pre-sentence investigation report ("PSI") contained several inaccuracies.

3

Dkt. No. 1-1 at 2. The petitioner concedes that this post-conviction motion did not raise the argument that his sentence was aggravated based on his refusal to agree to the blood draw. Dkt. No. 1 at 7. He says that this was "despite his wishes because of decision of then counsel." Id. The petitioner says from then on out he has been representing himself and that he "raised the issue every step of the way." Id. The circuit court denied the petitioner's post-conviction motion. Dkt. No. 1-1 at 7.

On June 7, 2018, representing himself, the petitioner appealed the circuit court's judgment of conviction and order denying his postconviction motion. Dkt. No. 1 at 3. On appeal, the petitioner asserted that "the circuit court erred in imposing his sentence by giving too much weight to improper sentencing factors and relying on irrelevant ones." Dkt. No. 1-1 at 12-13. The court of appeals said that the petitioner "conclude[d] that because of these errors 'a huge chunk of incarceration and confinement was based upon the fact that [he] is an alcoholic.'" Id. The Wisconsin Court of Appeals summarily affirmed the conviction on February 20, 2019, dkt. no. 1-1 at 13, and on March 15, 2019, denied the petitioner's motion for reconsideration, dkt. no. 1-1 at 14. On April 15, 2019 the petitioner sought review in the Wisconsin Supreme Court; that court denied review on June 11, 2019. Dkt. No. 1-1 at 15.

    C.    <u>The Petition</u>

The petitioner lists one ground for federal *habeas* relief—the sentencing judge improperly increased his sentence because the petitioner exercised a constitutional right under the Fourth Amendment. Dkt. No. 1 at 7. He does not

4

identify the constitutional right that he believes the sentencing judge violated. He says that the same judge who issued the warrant for his blood sample sentenced him. Id. He asserts that the sentencing judge commented about the petitioner going from "being cooperative to being completely uncooperative and they had to get a warrant." Id. at 7. The petitioner alleges that the sentencing judge increased his sentence because of the petitioner's insistence on a warrant, "as if invoking rights is a character defect." Id. The petitioner's supporting brief clarifies that, "[the petitioner] refused to submit to a blood draw without a warrant. This right is protected by the Fourth Amendment and case law supporting this assertion exists." Dkt. No. 2 at 1.

D. Analysis

Because the Wisconsin Supreme Court declined review on June 11, 2019 and the petitioner filed this federal *habeas* petition on November 21, 2019, it appears that he timely filed the petition within a year of the date his conviction became final as required by 28 U.S.C. §2244(d).

Although the petitioner insists that he has presented the issue he raises in this court at every step of the state-court process, the court cannot be certain. The petitioner attached to his brief in support of his petition nine pages of what appears to be a brief that he wrote. Dkt. No. 2-1 at 5-13. He did not attach the whole brief, so the court does not know to which court he submitted the brief. Nor does the court know whether the brief was filed at all (none of the pages are file-stamped as received) or whether he made his argument to both appellate courts. Given the lack of information, the court will give the petitioner

5

the benefit of the doubt at the screening stage and will not dismiss for failure to exhaust state remedies.

As to whether the petitioner has raised a claim cognizable on federal *habeas* review, the court must liberally construe the pleadings from unrepresented petitioners. Erikson v. Pardus, 551 U.S. 89, 94 (2007). The petitioner mentions the Fourth Amendment multiple times, but his allegations do not implicate the Fourth Amendment; because law enforcement obtained a warrant before taking a blood sample from the petitioner, the court does not see a Fourth Amendment violation.[2] Rather, the petitioner argues that the sentencing judge violated his rights by relying on the fact that he did not consent to the blood draw to impose a sentence higher than the judge otherwise would have imposed.

This argument does not state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause. The Eighth Amendment contains a "narrow proportionality principle" which embodies the "'precept of justice that punishment for crime should be graduated and proportioned to [the] offense." Graham v. Florida, 560 U.S. 48, 59 (2010) (quoting Weems v. United States, 217 U.S. 349, 367 (1910)). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme

---

[2] Even if the police officers had violated the petitioner's Fourth Amendment rights by drawing blood without a warrant or the petitioner's consent, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976).

sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)).

Wis. Stat. §§346.65(2)(am), and §939.50(3)(g) provide that for a sixth Operating While Intoxicated offense, a judge may impose a minimum sentence of six months and a maximum sentence of ten years. The petitioner received an eight-year sentence—a four-year term of initial confinement and a four-year term of extended supervision. This sentence, within the range prescribed by Wisconsin law, is not an extreme sentence grossly disproportionate to the crime. This is particularly true given the judge's other statements at sentencing, which appear in the portion of the transcript the petitioner attached. In addition to mentioning that the petitioner refused to take the test and that the officers had to get a warrant, the judge mentioned the "high test result and the fact that [the petitioner] shouldn't have been driving at all under these conditions." Dkt. No. 2-1 at 4. The judge also discussed the fact that when stopped, the petitioner made a comment about normally operating "at around a .40." Id.

The closest ground for relief that the court can construct from the petitioner's limited allegations is a due process claim for vindictive sentencing. The petitioner alleges that the sentencing judge was the same judge who signed the search warrant for law enforcement to take the blood sample. The court infers that the petitioner believes that the sentencing judge vindictively

7

increased the petitioner's sentence because of the petitioner's insistence that officers obtain a warrant.

The Supreme Court has held that "a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence. The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." Wasman v. United States, 468 U.S. 559, 563 (1984). On the other hand, the Court has recognized that the Due Process Clause of the Fourteenth Amendment constrains sentencing discretion in certain limited instances; "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978).[3]

In North Carolina v. Pearce, 395 U.S. 711, 725 (1969), the Supreme Court held that the Due Process Clause forbid a sentencing judge from increasing a defendant's sentence after the defendant pursued a successful appeal, stating that "[d]ue process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Years later, the Court clarified that "it is clear from our subsequent cases applying Pearce that due process does not in any sense forbid enhanced sentences or charges, but

---

[3] The Supreme Court also has held that the Fifth Amendment circumscribes a sentencing judge's discretion; a judge may not draw an adverse inference at sentencing from the petitioner's invocation of his right to remain silent. Mitchell v. United States, 526 U.S. 314-328-29 (1999).

8

only enhancement motivated by actual vindictiveness toward the defendant for having exercised guaranteed rights." Wasman, 468 U.S. at 568.

The court has found no precedent holding that it would violate the Due Process Clause for a judge to increase a defendant's sentence because the defendant refused to consent to a search and forced officers to seek a warrant from that judge, and nothing in the three pages of the sentencing transcript attached to the petition shows any actual vindictiveness on the part of the sentencing judge. But without the full transcript of the sentencing hearing, and accepting the possibility that there may be precedent that this court has not uncovered, the court cannot plainly say that the petitioner is not entitled to relief on a claim that the judge violated due process in sentencing the petitioner. It will order the respondent to respond.

## II.     Motion to Expedite Rule 4 Decision (Dkt. No. 6)

The court denies as moot the petitioner's motion to expedite.

## III.    Conclusion

The court **ORDERS** that the petitioner may proceed on the ground in his *habeas* petition.

The court **DENIES AS MOOT** the petitioner's motion to expedite Rule 4 decision. Dkt. No. 6.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

9

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 19th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**