RICHARD J. GRAVELLE,

        Petitioner,

   v.                                     Case No. 19-cv-1712-pp

GARY KUMBER,[1]

        Respondent.

**ORDER DEEMING PETITIONER'S JANUARY 27, 2021 PLEADING BRIEF IN SUPPORT OF PETITION (DKT. NO. 15), GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION BRIEF (DKT. NO. 17) AND DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 18)**

On November 12, 2019, the petitioner, an inmate at Thompson Correctional Center who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his June 14, 2017 Washington County conviction for his sixth OWI offense. Dkt. No. 1. On October 19, 2020, the court screened the petition under Rule 4 of the Rules Governing Section 2254 Cases, allowed the petitioner to proceed on a due process claim and ordered the respondent to answer or otherwise respond. Dkt. No. 7. On January 19, 2021, the respondent filed his answer. Dkt. No. 14. On

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is an inmate at Thompson Correctional Center; this order reflects Superintendent Gary Kumber as the respondent.

1

January 27, 2021, the petitioner filed a "Brief in Opposition and Motion for Summary Judgment." Dkt. No. 15. The respondent since has filed a motion for an extension of time to file a brief in opposition to the petition, dkt. no. 17, and the petitioner has opposed the motion and asked the court to enter default judgment on his behalf, dkt. no. 18.

The case is in a procedural snarl due to the petitioner's mis-labeling of the pleading he filed. This order should get the case back on the appropriate track.

At the end of its October 19, 2020 screening order, the court set the following briefing schedule: the respondent had sixty days from the date of the order (until December 18, 2020) to answer or otherwise respond to the petition. Dkt. No. 7 at 9. The petitioner then had forty-five days from the date the respondent filed the answer to file his brief telling the court why it ought to grant the petition. The respondent had forty-five days from the date the petitioner filed the brief in support of the petition to file a brief in opposition to the petition. Finally, the petitioner had thirty days after the respondent filed his opposition brief to file an optional reply brief. Id. at 10.

The order set an alternative schedule if the respondent decided to file a dispositive motion (basically, a motion to dismiss) instead of an answer. Id. That alternative schedule required the respondent to include a brief and relevant materials in support of any dispositive motion, gave the petitioner forty-five days to file a brief in opposition to the respondent's dispositive motion

2

and gave the respondent thirty days in which to file an optional reply brief in support of his dispositive motion. Id.

On December 16, 2020, the court granted the respondent's motion for an extension of time to either answer the petition or file a motion to dismiss it and extended the respondent's deadline until the end of the day on January 19, 2021.[2] Dkt. No. 12.

On January 19, 2021, the respondent timely answered the petition. Dkt. No. 14. The petitioner had until March 5, 2021 to file a brief in support of his petition. Dkt. No. 7 at 10. The petitioner did not do so; instead, on January 27, 2021, the court received from the petitioner a document titled "Petitioner's Brief in Opposition and Motion for Summary Judgment." Dkt. No. 15. In this pleading, the petitioner stated that he was filing a "brief in opposition to the Respondent's answer which is also considered a motion to dismiss." Id. at 1. The pleading went on to address "issues that the Wisconsin Attorney General has raised in their answer," including exhaustion, procedural default and the law applicable to warrantless blood draws. Id. at 2-4.

---

[2] The petitioner objected to the respondent's request for additional time and asked the court to enter default judgment. Dkt. No. 13. The court received that objection on December 28, 2020—twelve days after it granted the respondent's motion. In his objection, the petitioner accused opposing counsel of various kinds of misconduct. The reason the court granted the respondent's motion without waiting for objections from the petitioner is because it is routine in federal litigation for parties to ask for extensions of time. Unlike the petitioner, the respondent's counsel has many other cases, and lawyers often ask the court for additional time so that they can juggle their various obligations. If the petitioner were to make a reasonable request for an extension of time, the court would grant his request. The court urges the petitioner to tone down his rhetoric and give the court an opportunity to address the merits of his petition once all the briefs have been filed.

On March 11, 2021, the respondent filed a motion for an extension of time to file a brief in opposition to the petition. Dkt. No. 17. The respondent recounted that the deadline for the petitioner to file his brief in support of his petition was March 5, 2021; because that deadline passed, the respondent said he was "proceeding on the assumption that [the petitioner] intends his January filings to serve as the brief in support of his petition." Id. at 1-2. Counsel for the respondent explained her workload and asked for additional time to file a brief in opposition to the petition. Id. at 2-3.

Eight days later, the court received from the petitioner a document titled "Motion Objecting to Extension of Time and Motion to Enter Default Judgment in Favor of Petitioner." Dkt. No. 18. The petitioner stated that he now realized that "there can be no summary judgment in a Habeas petition and [he] should have titled [his pleading] as 'Petitioner's Brief in Support.'" Id. at ¶7. He observed that his improperly-titled pleading was "time stamped and filed on January 27th, 2021;" by the petitioner's calculations, the respondent should have filed a response to the mis-titled pleading by March 15. Id. at ¶8. He admitted receiving the respondent's motion for an extension of time on March 15, but nonetheless asserts that the respondent did not timely respond to his improperly-titled pleading and characterizes counsel's confusion over the purpose of his filing as "nonsense." Id. at ¶¶8-9. He accuses the respondent's counsel of employing "dilatory tactics," asserting that the briefs in some of the matters to which she referred were due after he calculates the respondent's brief in his case was due. Id. at ¶10. He asks for an order for default judgment

4

or judgment on the pleadings, asserts that the document he filed on January 27, 2021 irrefutably shows that his sentence was unconstitutional or unlawful and asks the court to enter resentencing before a different judge. Id. at page 3.

The court accepts the petitioner's representation that he meant his January 27, 2021 "Petitioner's Brief in Opposition and Motion for Summary Judgment" (Dkt. No. 15) to be his brief in support of the petition.

The court will give the respondent additional time to file his brief in opposition. The respondent has not been "dilatory" or behaved inappropriately. The *petitioner* is the one who filed a motion for summary judgment in a case in which such a motion is not appropriate. It is not "nonsense" for the respondent to have been confused—this court was confused, as well, and before receiving the petitioner's motion for default judgment, had written a draft order denying the motion for summary judgment and explaining why it was not appropriate. The court understands that the petitioner is frustrated and believes that his sentence is unlawful, but that is not an excuse to attack opposing counsel or make accusations against her. The petitioner argues that despite the confusing nature of his pleading, opposing counsel should have just figured out what he meant and filed her opposition brief within forty-five days of January 27, 2021. It is the petitioner's position, not the respondent's, that is unreasonable.

Further, even if the document the petitioner had filed on January 27, 2021 had been clearly recognizable as his brief in support of his petition, the respondent's motion for an extension of time was timely filed. The petitioner correctly calculates that the forty-fifth day from January 27, 2021 was March

5

13, 2021. He also correctly calculates that that date fell on a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), however, if a deadline falls on a "Saturday, Sunday, or legal holiday," it is extended "until the end of the next day that is not a Saturday, Sunday, or legal holiday." So if the document the petitioner had filed had been clearly recognizable as his brief in support of his petition, the respondent's opposition brief—or his motion for an extension of time under Fed. R. Civ. P. 6(b)(1)(A)—would have been due by the end of the day on Monday, March 15, 2021. The court received the respondent's motion for an extension of time on Thursday, March 11, 2021—four days before the deadline.

Finally, even if the petitioner's January 27, 2021 pleading had been clearly recognizable as his brief in support of the petition and even if the respondent had missed the deadline for filing his opposition brief (or requesting additional time to do so), the remedy would not be for the court to grant default judgment. Fed. R. Civ. P. 55(a) requires the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The respondent has not failed to plead or defend—he timely filed his answer to the petition. The briefing schedule the court set in the October 19, 2020 order was not a *pleading* schedule. It was a *briefing* schedule. If the respondent had simply "blown off" the deadline for filing his opposition brief, the petitioner's remedy would have been to ask the court to rule on the merits of his petition based on his brief, not to demand that the clerk enter default and the court enter default judgment.

6

The court will give the respondent additional time to file his brief in opposition and will set a deadline by which the petitioner may file an optional reply brief. If the petitioner decides to file a reply brief, the court suggests that he title it, "Petitioner's Reply Brief in Support of His Petition for Writ of *Habeas Corpus*." That way, everyone will know that it is his reply brief.

The court **DEEMS** the petitioner's January 27, 2021 "Petitioner's Brief in Opposition and Motion for Summary Judgment" to be the petitioner's brief in support of his petition for a writ of *habeas corpus*. Dkt. No. 15.

The court **GRANTS** the respondent's Motion for Extension of Time to File Brief in Opposition. Dkt. No. 17.

The court **ORDERS** that the respondent must file his brief in opposition to the petition in time for the court to receive it by the end of the day on **April 30, 2021**.

The court **ORDERS** that if the petitioner chooses to file a reply brief in support of his petition, he must file that reply brief in time for the court to receive it by the end of the day on **June 4, 2021**.

The court **DENIES** the petitioner's Motion Objecting to Extension of Time and Motion to Enter Default Judgment in Favor of Petitioner. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 25th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**